# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED R. VILLAREAL,<br><br>Petitioner,<br><br>v.<br><br>AMY MILLER, Warden,<br><br>Respondent. | **Case No. CV 15-00122 AB (RAO)**<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

On July 19, 2016, the United States Magistrate Judge issued a Report and Recommendation, recommending that the Petition for Writ of Habeas Corpus filed by Petitioner Alfred R. Villareal ("Petitioner") be denied, and that this action be dismissed with prejudice. On September 19, 2016, Petitioner filed objections to the Report and Recommendation. The magistrate judge's Report and Recommendation sufficiently addresses the bulk of the arguments made by Petitioner in his objections. One argument, however, warrants further discussion.

Petitioner asserts that the magistrate judge's analysis of whether his 1984 juvenile adjudication qualifies as a strike under California's Three Strikes law is incorrect because it "assumes a retroactive application to criminal assaults that occurred prior to [the] year of 2000." (Objections to Report and Recommendation ("Objs.") at 3, Dkt. No. 42.) Petitioner appears to argue that the change to the

categories of assaults that constitute a strike under Proposition 21 only applies to assaults occurring after the enactment of Proposition 21. (*See id.*)

As the Report and Recommendation explains, before passage of Proposition 21, a violation of California Penal Code § 245 did not qualify as a serious felony unless the defendant personally used a deadly weapon or personally inflicted great bodily harm. (*See* Report and Rec. at 10.) In 2000, Proposition 21 added assault with a deadly weapon under § 245(a)(1) as a serious felony, regardless of whether the defendant aided and abetted the assault or personally used the deadly weapon in committing the assault. (*Id.*) Contrary to Petitioner's argument, in 2001, the California Court of Appeal held that "if a defendant's current offense was committed on or after the effective date of Proposition 21, a determination whether the defendant's prior conviction was for a serious felony within the meaning of the three strikes law must be based on the definition of serious felonies in Penal Code section 1192.7, subdivision (c) in effect on March 8, 2000." *People v. James*, 91 Cal. App. 4th 1147, 1151, 111 Cal. Rptr. 2d 292 (2001).[1]

In 1984, Petitioner admitted to committing an assault with a deadly weapon. (*See* Report and Rec. at 9.) Petitioner committed the underlying offense in the instant Petition in 2011, after passage of Proposition 21. (*See id.* at 3.) Petitioner's 1984 juvenile adjudication thus qualifies as a strike regardless of whether he was the perpetrator or only guilty of aiding and abetting. Petitioner's objection is without merit.

Petitioner's objection to the magistrate judge's rejection of his post-conviction discovery claim based on the same retroactivity argument is also without merit because information on his juvenile adjudication codefendant's role in the 1984 assault would not affect the determination that the assault qualifies as a strike.

///

---

[1] The effective date of Proposition 21 is March 8, 2000. *Id.* at 1149.

2

1  Given the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's objections.  The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that the Petition is denied, and Judgment shall be entered dismissing this action with prejudice.

DATED:  November 9, 2016

ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE